IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00474-DDD-KAS

DENVER PUBLIC SCHOOLS,

    Plaintiff,

v.

KRISTI NOEM, Secretary of the United States Department of Homeland Security, in her official capacity; and DEPARTMENT OF HOMELAND SECURITY,

    Defendants.

**COUNCIL OF THE GREAT CITY SCHOOLS'**
**<u>UNOPPOSED</u> MOTION TO APPEAR AS AMICUS CURIAE**

**INTRODUCTION**

    The Council of the Great City Schools (Council) is a nonprofit organization that provides resources and advocacy on behalf of the largest school districts in the nation. The Council's mission is to support the unique needs and challenges of big-city schools.

    Denver Public Schools (DPS) filed this lawsuit to enjoin Defendants' repeal of a longstanding "Protected Areas Policy" that prohibited immigration enforcement actions on school grounds, absent exigent circumstances. The Council seeks leave to participate as amicus curiae to provide this Court with unique information and perspective concerning the impact of repealing the Protected Areas Policy on education in large school districts.[1]

---

[1] Undersigned counsel Angela Vichick spoke to counsel for Defendants, Kevin Traskos, by phone on February 27, 2025, regarding this motion. Counsel then exchanged emails, and

## LEGAL STANDARD

This Court has "broad discretion" to permit participation by amicus curiae. *Sgaggio v. De Young*, No. 20-cv-01977-PAB-NYW, 2022 WL 970008, at *4 (D. Colo. Mar. 31, 2022) (citing *Ctr. for Biological Diversity v. Jewell*, No. 16–cv–01932–MSK–STV, 2017 WL 4334071, at *1 (D. Colo. May 16, 2017) (collecting cases); *Wildearth Guardians v. Lane*, No. CIV 12–118 LFG/KBM, 2012 WL 10028647, at *1 (D. Colo. June 20, 2012) (collecting cases)).

Because no Federal Rule of Civil Procedure governs amicus participation, district courts commonly look to Federal Rule of Appellate Procedure 29 for guidance. *Sgaggio*, 2022 WL 970008 at *3; *United States v. Bd. of Cnty. Comm'rs of Cnty. of Otero*, 184 F. Supp. 3d 1097, 1115 (D.N.M. 2015). Under Rule 29, an amicus must explain its "interest" in participating in the case, "why an amicus brief is desirable," and "why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). Courts are encouraged interpret Rule 29 broadly and to grant leave "unless it is obvious" an amicus brief does not meet those criteria. *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 133 (3rd Cir. 2002) (Alito, J.).

The purpose of amici participation is to "submit briefing that will assist the court, but not duplicate or advocate for a party in the suit." *Center for Biological Diversity*, 2017 WL 4334071 at *1. In cases implicating "general public interest," amici can "supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration." *Wildearth Guardians*, 2012 WL 10028647 at *2 (quotations omitted). Amici may "provide unique

---

Mr. Traskos confirmed in writing that Defendants do not oppose the Council's request for leave to appear as amicus curiae.

2

information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* (quotations omitted); *see also Neonatology Assocs.*, 293 F.3d at 132 ("Some friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group.").

## ARGUMENT

This Court should permit the Council to participate in this case because repealing the Protected Areas Policy impacts the Council's members and educational mission, and the Council can offer data and argument concerning the impact of repealing the Protected Areas Policy that is relevant to DPS's requests for injunctive relief.

The Council was founded in 1956 to promote and support the needs of large urban school districts. *About CGCS*, Council of Great City Schools (last visited Feb. 26, 2025), https://www.cgcs.org/Page/621. The Council's members are 78 of the largest urban public school districts in the United States. *Id.* Eligible school districts are located in cities of more than 250,000 and have greater than 35,000 students enrolled. *Fact Sheet*, Council of Great City Schools (last visited Feb. 26, 2025), https://www.cgcs.org/Page/623.

The Council is primarily a resource organization for its members, providing research and technical assistance, connecting school personnel and providing professional development, and offering tools to build capacity, boost academic performance, narrow achievement gaps, and strengthen leadership, governance, and management. *Supporting Am.'s Great City Schools: A Summary of Member Benefits, Servs., and Prods.*, Council of Great City Schools (Sept. 2022),

3

https://www.cgcs.org/cms/lib/DC00001581/Centricity/domain/35/publication%20docs/CGCS%20Member%20Benefits.pdf.

The Council also has advocacy functions, which include keeping lawmakers, the media, and the public informed about the progress and problems in big-city schools. *Id.*

In this suit, DPS challenges repeal by the Department of Homeland Security (DHS) and the Secretary of DHS of the longstanding Protected Areas Policy, under which DHS (and formerly the Immigration and Naturalization Service) refrained from conducting immigration apprehension operations on the premises of sensitive locations, including schools and places of worship, absent exigent circumstances. Compl. for Decl. & Inj. Relief, ECF No. 1. DPS also seeks injunctive relief. Emerg. Mot. for Temp. Restraining Order & Mot. for Prelim. Inj., ECF No. 2.

The Council has an interest in this case because repeal of the Protected Areas Policy impacts the Council's educational mission and its members' work to educate students. As further detailed in the Council's proposed amicus brief, revocation of the Protected Areas Policy has made schools—including Council's member schools—less safe and has made students and families in member school districts feel less safe—impairing and diverting resources from schools' educational mission.

The Council's participation is desirable and relevant because it can provide unique information and perspective to this Court that will supplement DPS's counsel's efforts to demonstrate the impact of the Protected Areas Policy repeal on school districts. The Council's brief describes social science research concerning the importance of school safety and offers data solicited from the Council's 78 member school districts concerning the impact of repealing the

4

Protected Areas Policy on member schools' operations and educational mission over the past several weeks. This information is critical to DPS's motion for preliminary injunctive relief, because it speaks directly to the irreparable harm and public interest prongs of the analysis. *See* ECF No. 2 at 16 (describing factors relevant to requests for injunctive relief) (citing *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1155 (10th Cir. 2001)).

## CONCLUSION

The Council therefore asks this Court to grant its unopposed motion to participate as amicus and to accept its amicus brief.

Dated this 28th day of February, 2025.

Respectfully submitted,

*s/ Caitlin C. McHugh*
James M. Lyons, No. 882
Caitlin C. McHugh, No. 45097
Angela M. Vichick, No. 47169
WOMBLE BOND DICKINSON (US) LLP
1601 19th Street, Suite 1000
Denver, CO 80202
Tel.: 303.623.9000
James.Lyons@wbd-us.com
Caitlin.McHugh@wbd-us.com
Angela.Vichick@wbd-us.com

*Attorneys for Council of the Great City Schools*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*s/ Caitlin C. McHugh*
Caitlin C. McHugh

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of February, 2025, a true and correct copy of the foregoing COUNCIL OF GREAT CITY SCHOOLS' UNOPPOSED MOTION TO APPEAR AS AMICUS CURIAE was filed via the CM/ECF system and served upon the following:

*Attorneys for Plaintiff Denver Public Schools:*
Tess Hand-Bender, No. 42681
Emily Lauren Wasserman, No. 46155
Claire Eleanor Mueller, No. 48725
Nicholas Moskevich, No. 57980
Brooke M. Rogers, No. 59687
Stephen A. Snow, No. 60280
DAVIS GRAHAM & STUBBS LLP
3400 Walnut Street, Suite 700
Denver, CO 80205
(303) 892-9400
Tess.Hand-Bender@davisgraham.com
Emily.Wasserman@davisgraham.com
Claire.Mueller@davisgraham.com
Nick.Moskevich@davisgraham.com
Brooke.Rogers@davisgraham.com
Stephen.Snow@davisgraham.com

*Attorneys for Defendants Department of Homeland Security and Kristi Noem:*
Kevin Thomas Traskos, No. 33374
Katherine Ann Ross, No. 39302
Thomas Alan Isler, No. 48472
Nicholas Albert Deuschle, No. 57659
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
(303) 454-0336
Kevin.Traskos@usdoj.gov
Katherine.ross@usdoj.gov
Thomas.Isler@usdoj.gov
Nick.Deuschle@usdoj.gov

*s/ Caitlin C. McHugh*
Caitlin C. McHugh