# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00474-DDD-KAS

DENVER PUBLIC SCHOOLS,

    Plaintiff,

v.

KRISTI NOEM, in her official capacity as Secretary of the United States Department of Homeland Security, and
DEPARTMENT OF HOMELAND SECURITY,

    Defendants.

## UNOPPOSED MOTION BY DEFENDANTS FOR EXTENSION OF TIME AND TO CONSOLIDATE DEADLINES TO RESPOND TO COMPLAINT

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and D.C.COLO.LCivR 6.1, Defendants Kristi Noem, as the Secretary of Homeland Security, and the Department of Homeland Security (collectively, "DHS") move to extend their deadline to respond to a claim in Plaintiff Denver Public Schools' Complaint, the Freedom of Information Act (FOIA) claim, by 30 days, to April 15, 2025, to coincide with DHS's current deadline to respond to Plaintiff's other claim in the Complaint, under the Administrative Procedure Act (APA). Good cause exists to extend DHS's deadlines because it will give DHS adequate time to respond to the FOIA claim, and a consolidated date for responding to both claims would offer administrative and scheduling benefits in this case. As support thereof, DHS states as follows:

1. On February 12, 2025, Denver Public Schools (DPS) filed this action. *See* ECF No. 1. DPS brings two claims against DHS: (1) an APA claim; and (2) a FOIA claim. *See generally id.* DPS served DHS with the Complaint on February 14, 2025. *See* ECF Nos. 14-15.

2. Following service, the parties submitted extensive briefing regarding DPS's Emergency Motion for Temporary Restraining Order and Motion for Preliminary Injunction. *See* ECF Nos. 2, 24, 31. That briefing focused primarily on DPS's APA claim. After the conclusion of briefing, the Court held oral argument regarding DPS's Emergency Motion on March 7, 2025, and issued a ruling from the bench denying DPS's Emergency Motion. *See* ECF No. 37.

3. DHS currently has two different deadlines for responding to the two claims in DPS's Complaint. Under Federal Rule of Civil Procedure 12, a federal agency ordinarily has sixty days from service to respond to a complaint. *See* Fed. R. Civ. P. 12(a)(2). Under that rule, DHS's current deadline to respond to the Complaint is April 15, 2025. But the FOIA provides that the deadline for a federal agency to respond to a FOIA claim is "within thirty days after service." 5 U.S.C. § 552(a)(4)(C). Under that provision, DHS's current deadline to respond to the FOIA claim is March 17, 2025. *See* Fed. R. Civ. P. 6(a)(1)(C) (providing that, if the last day of a time period is on a Sunday, the time period is extended to the following day).

4. Good cause exists to consolidate these deadlines by extending DHS's deadline to respond to the FOIA claim. Given the extensive time spent responding to DPS's Emergency Motion, which focused primarily on the APA claim, DHS needs additional time to prepare an adequate response to DPS's FOIA claim. Moreover, judicial economy would be served by giving DHS the opportunity to respond to the Complaint's two claims at the same time. *See* Fed. R. Civ. P. 1 (Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Establishing the same deadline will permit DHS to address any issues in the Complaint together given that the two claims against DHS relate to the same events and

2

involve interlocking allegations. Establishing the same deadline to respond for both claims also may prevent any briefing on those claims from proceeding on different schedules.

5. Under D.C.COLO.LCivR 6.1(b), DHS has not previously sought an extension of its deadline to respond to DPS's FOIA claim.

6. Under D.C.COLO.LCivR 6.1(c), undersigned counsel certifies that a copy of this Motion will be served on his client.

7. Under D.C.COLO.LCivR 7.1(b)(1), undersigned counsel conferred with counsel for DPS regarding this Motion, and counsel for DPS indicated that DPS does not oppose this motion.

## CONCLUSION

For the reasons stated, Defendants request that the Court issue an order consolidating Defendants' deadlines to respond to the claims in the Complaint, by granting Defendants a thirty-day extension of time, through April 15, 2025, to file their response to DPS's FOIA claim.

Respectfully submitted on March 14, 2025.

> J. BISHOP GREWELL
> Acting United States Attorney
>
> s/ Nicholas A. Deuschle
> Kevin Traskos
> ***Nicholas A. Deuschle***
> Thomas A. Isler
> Katherine A. Ross
> Assistant United States Attorneys
> United States Attorney's Office
> 1801 California Street, Suite 1600
> Denver, CO 80202
> Telephone: (303) 454-0100
> E-mail: kevin.traskos@usdoj.gov
> E-mail: nicholas.deuschle@usdoj.gov
> E-mail: thomas.isler@usdoj.gov
> E-mail: katherine.ross@usdoj.gov

*Counsel for Defendants*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(2).

s/ Nicholas A. Deuschle
*Nicholas A. Deuschle*

Case No. 1:25-cv-00474-DDD-KAS   Document 40   filed 03/14/25   USDC Colorado
pg 4 of 5

# CERTIFICATE OF SERVICE

I certify that, on March 14, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record, including:

Claire Eleanor Mueller, Esq.
Tess Hand-Bender, Esq.
Emily Lauren Wasserman, Esq.
Brook M. Rogers, Esq.
Hannah McCrory, Esq.
Nicholas Moskevich, Esq.
Stephen A. Snow, Esq.
*Counsel for Plaintiff*

                                                 s/Nicholas A. Deuschle
                                               ***Nicholas A. Deuschle***
                                               Assistant United States Attorney